OPINION OF THE COURT
Richard F. Kuhnen, J.
The petitioners, who are voters qualified to vote in an election for members of the City of Binghamton School Board, seek to compel respondent to file a statement of expenditures in compliance with section 1530 of the Education Law.
Respondent admits that he was chairman of a committee to raise money in support of two candidates for election to the school board, admits that he did not file any statement, but insists that section 1530 does not authorize petitioners to compel him to do so. He insists also that section 1528 of the Education Law which restricts his right to expend money on behalf of a candidate is unconstitutional under the State and Federal Constitutions.
*631 The matter was argued at Special Term on July 3, 1979, but, because the constitutional issue was raised, decision was delayed to give the Attorney-General an opportunity to intervene, as required by CPLR 1012 (subd [b]). On October 11, 1979, he advised the court that his office declined to participate.
The only provision in article 32 of the Education Law for the filing of a statement by a person other than a candidate is contained in subdivision (b) of section 1528 which states: "No person or persons shall make expenditures on behalf of a candidate without his approval unless such person or persons files a sworn statement with the clerk and commissioner stating that the candidate did not approve such expenditure. Such expenditure shall be limited to twenty-five dollars and shall not be included in determining the five hundred dollars as set forth in paragraph (a) of this subdivision.”
The statement required by the subdivision, it is to be noted, is not a statement of the expenditures made, but merely a statement "that the candidate did not approve such expenditure” (if such is the case). No penalty is provided for failure to file the statement.
Nor is there any provision in article 32 to compel "any candidate or other person” to file other than "a statement of expenditures” if one is "required under the provisions of this chapter”. As pointed out, no statement of expenditures is required of anyone other than a candidate.
If the intention was to provide for the filing of a statement of expenditures by a person in respondent’s position, the statute fails so to provide.
Further, if such was the intention and if it can be supplied by judicial fiat (which we decline to do), subdivision 2 of section 1530 does not authorize a proceeding to compel the filing of a statement of expenditures in the first instance, but only of a "new or supplemental statement” where it is claimed that the original statement, if one has been filed, "does not conform to the requirements of this chapter”.
It seems obvious that article 32 needs legislative revision. There is an increasing tendency today on the part of some courts to encroach upon the legislative process, a temptation which this court tries to resist. Accordingly, we deny the request to compel respondent to file any statement and therefore do not reach the constitutional issue.